OPINION
{¶ 1} These consolidated appeals stem from two final judgments in which the Lake County Court of Common Pleas revoked appellant's community control and sentenced him to nine months in prison. Under both appeals, appellant, Datone D. Washington, seeks a determination that certain sanctions imposed by the trial court as part of his original sentences were unconstitutional.
 {¶ 2} In September 1997, appellant entered two separate written pleas of guilty to the following two charges: (1) vandalism, a felony of the fifth degree, in violation of R.C. 2909.05; and (2) domestic violence, a felony of the fifth degree, in violation of R.C. 2929.25. After accepting both guilty pleas, the trial court rendered separate sentencing judgments as to each charge. As to the vandalism charge, the trial court sentenced appellant to two years of community control, subject to certain conditions. As to the domestic violence charge, the court again imposed two years of community control.
 {¶ 3} As part of both sentencing judgments, the trial court informed appellant that if his community control was ever revoked and he was sentenced to a jail term, the parole board could impose bad time under R.C. 2967.11 for any "violation" he may commit while in prison. The court further informed appellant that he could be subject to post-release control following his release from prison.
 {¶ 4} Appellant did not bring an appeal from either of the sentencing judgments. Six months after appellant had begun to serve his two-year community control term, the state filed motions in both cases to terminate the community control. Upon holding a hearing on this matter, the trial court issued a new judgment in each case in which it granted the motion to terminate and sentenced appellant to a nine-month prison term. This new judgment did not contain any reference to the possible imposition of either a bad time sanction or post-release control.
 {¶ 5} Appellant filed timely notices of appeal from the "termination" judgments issued in the vandalism case and the domestic violence case. The two appeals were then consolidated for all purposes before this court.
 {¶ 6} In his appellate brief for both appeals, appellant has not raised any issue regarding the propriety of the trial court's decision to terminate his community control. Instead, under his sole assignment of error, appellant contends that the trial court's sentencing judgments should not have referred to the possible imposition of bad time and post-release control because the underlying statutory schemes for both are unconstitutional for a number of reasons.
 {¶ 7} For the following reasons, this court concludes that the constitutionality issues cannot be addressed in the context of these appeals. If appellant had wanted to contest the general propriety of the statutory schemes governing bad time and post-release control, he should have appealed the two sentencing judgments in which the references to bad time and post-release control were made. Since appellant failed to file timely appeals from the sentencing judgments, we simply lack the jurisdiction to address any issues associated with those particular judgments. Stated differently, appellant cannot challenge the validity of the sentencing judgments in appeals from the "termination" judgments. Moreover, because the judgments on the motion to terminate did not refer to the imposition of bad time and post-release control, those issues are not properly before us at this time.
 {¶ 8} As an aside, this court would indicate that the procedure for the imposition of post-release control, as set forth in R.C. 2967.28, has generally been upheld as constitutional. See State v. Swick (Dec. 21, 2001), 11th Dist. No. 97-L-254. On the other hand, the Supreme Court of Ohio has expressly declared that R.C. 2967.11, the bad time statute, is unconstitutional because it violates the doctrine of separation of powers. State ex rel. Bray v. Russell (2000), 89 Ohio St.3d 132.
 {¶ 9} In reviewing sentencing judgments which have referred to the possible imposition of bad time, this court has declared such judgments to be erroneous and has remanded the cases to the trial courts so that a new sentencing judgment could be issued. See State v. Kay (Mar. 22, 2002), 11th Dist. No. 98-L-063. Since appellant did not appeal the two sentencing judgments in the underlying cases, this procedure cannot be followed in this instance. However, even under these circumstances, appellant still has a remedy. That is, if appellant is ordered to serve additional time in prison under the bad time statute, he can always seek a writ of habeas corpus to compel his immediate release.
 {¶ 10} As appellant has failed to assert an issue which states a feasible basis for reversing the appealed judgments, his sole assignment of error in both appeals lacks merit. Thus, the judgments of the trial court are affirmed.
JUDITH A. CHRISTLEY, J., ROBERT A. NADER, J., concur.